# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-277-02 |
| | § | (Civil Action No. H-07-3258) |
| CYNTHIA ENEANYA | § | |

## MEMORANDUM AND ORDER

Defendant Petitioner Cynthia Eneanya ("Eneanya"), proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 219] ("defendant's Motion"). The government has filed a Response and Motion to Dismiss [Doc. # 228] ("government's Motion"), arguing that Eneanya is not entitled to relief. Eneanya has not filed a Reply on her motion or responded to the government's Motion, and the deadline for doing so has passed.[1] The Court has carefully reviewed all pertinent matters in this case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court concludes that Eneanya's Motion should be **denied** and the corresponding civil action, Case No. H-07-3258, should be **dismissed**, and the government's Motion should be **granted**.

---

[1] *See* HON. NANCY F. ATLAS, COURT P. 6(A)(4), *available at* http://www.txs.uscourts.gov/district/judges/nfa/nfa.pdf; GUIDELINES FOR LITIGANTS WITHOUT LAWYERS, ¶ 11(c), *available at* http://www.txs.uscourts.gov/district/formsfees/proseguide.pdf.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On June 28, 2005, a federal grand jury returned a twenty-four count indictment charging Petitioner Cynthia Eneanya and five co-defendants with conspiracy, money laundering, and multiple counts of wire fraud, all arising out of a fraudulent mortgage loan scheme. The defendants included a mortgage broker, a loan officer (Eneanya), a real estate agent, and three purchasers of residential properties. The government alleged that, for nearly a year, the defendants conspired to fraudulently obtain mortgages on residential properties purchased by them in the Houston area. The defendant conspirators were accused of applying for mortgages at an amount greater than the purchase price and obtaining those mortgages by falsifying statements on loan applications. The conspirators arranged for the home sellers to pay them the difference between the sales price of the home and the amount of the mortgage ("kickbacks"). The conspirators never made mortgage payments on the purchased properties, which were subsequently foreclosed by the mortgage lenders—typically at a loss—and they kept the kickbacks as profits. The mortgage companies allegedly lost in excess of $1.7 million as a result of this scheme.

Eneanya proceeded to trial, and was convicted by a jury on all counts: conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 (Count One), conspiracy to launder funds, in violation of 18 U.S.C. § 1956(h) (Count Two), and

twenty-one counts of aiding and abetting wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2 (Counts Three through Twenty-Four).

Following Eneanya's conviction, the Court instructed the Probation Department ("Probation") to prepare a presentence report ("PSR") for the purpose of determining punishment under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  Because Eneanya was convicted of multiple counts of related offenses arising under different statutes, her Guidelines sentence was determined using the grouping provisions found in § 3D1.2 of the United States Sentencing Manual. U.S.S.G. § 3D1.2(b); *see also United States v. Handakas*, 64 F. App'x 817, 819 (2d Cir. 2003).  Under § 3D1.2, the base offense level for all of the counts of conviction is the offense level for the most serious of the counts comprising the group.

The sentence in this case was driven by Eneanya's conviction on Count Two—conspiracy to launder funds in violation of 18 U.S.C. § 1956(h).[2]  The Guidelines called for a starting offense level of 6.  However, because the loss arose from a wire fraud scheme, the loss exceeded $1,000,000 but was less than $2,500,000, and the offense involved ten or more victims, the Guidelines mandated an increase from the base offense of 18 levels, resulting in a total base offense level of 24. *See* U.S.S.G. § 2B1.1(a),(b)(1)(I), (b)(2)(A)(i).  In addition, pursuant to U.S.S.G. §

---

[2]   The government filed objections to the PSR, to which Eneanya responded.  The Probation Office issued an amended PSR but the recommended Guidelines ranges were unchanged.

2S1.1(2)(B), because Eneanya was convicted under 18 U.S.C. § 1956, the offense level was increased by another two levels. Thus, Eneanya's total offense level was 26. This offense level and a criminal history category of I called for a Guidelines range for imprisonment of 60 months on Count One and 63 to 78 months on Counts Two through Twenty-Four, followed by a two- to three-year term of supervised release. The Guidelines mandated a fine range of $12,500 to $2,155,217.14.[3] A statutory special assessment of $100 per count of conviction, for a total of $2,400, also was required. Finally, restitution of $1,723,116.99 was statutorily mandated. Counsel for Eneanya filed no objections to the PSR but did request a downward departure from the recommended Guidelines sentence.

The Court, while citing the serious nature of Eneanya's offense, adopted the findings in the amended PSR and sentenced Eneanya at the bottom of the Guidelines range in every respect: Eneanya was sentenced to a 60-month term of imprisonment on Count One and to 63 months of imprisonment on each of Counts Two through Twenty-Four, all terms to run concurrently. She was also sentenced to two years supervised release, ordered to pay a special assessment of $2,400.00, and to pay $1,723,116.99 in restitution.

Eneanya filed an appeal in the United States Court of Appeals for the Fifth

---

[3]   This is twice the value of the laundered items. *See* 18 U.S.C. § 1956.

Circuit, but withdrew her appeal and it was dismissed. Eneanya now seeks relief under 28 U.S.C. § 2255, arguing under various theories that her sentence is improper.

## II.  STANDARD OF REVIEW

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. To establish "cause," a defendant must show that some external impediment prevented him from raising his claim on direct appeal. *See United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 170). In order to establish "prejudice," the defendant must demonstrate "an actual and substantial disadvantage," such that the integrity of the entire underlying proceeding was infected with "error of constitutional dimension." *Id.*

"Other types of error may not be raised in a collateral attack, unless the defendant demonstrates that 'the error could not have been raised on direct appeal, and

if condoned, would result in a complete miscarriage of justice.'" *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting *Shaid*, 937 F.2d at 232 n.7). "If the defendant does not meet this burden . . . , he is procedurally barred from attacking his conviction." *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992). Importantly, however, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003). "Ineffective assistance of counsel claims are obviously of constitutional magnitude and satisfy the cause and actual prejudice standard." *Pierce*, 959 F.2d at 1301.

Eneanya proceeds *pro se* in this matter. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). However, *pro se* litigants are still required to

provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III. DISCUSSION

Each of Eneanya's grounds for relief concern her sentence. Grounds of error One, Two, and Four challenge the calculations and findings of the losses attributable to her as a result of the mortgage fraud scheme and the impact of those findings on her Guidelines sentence.[4] Ground Three challenges the finding that there were ten or more victims of the mortgage fraud scheme and the application of that finding to Eneanya's Guidelines sentence. She further claims that such finding should have been

---

[4] Specifically, in Ground One, Eneanya alleges that the mortgage lenders did not actually suffer the losses stated in the PSR and used to justify the ten-level increase in her Guidelines offense level. She further states that such losses should have been found by a jury. *See* Motion to Vacate, Set Aside, or Correct Sentence [Doc. # 219], at 4–7. (Eneanya inserted pages into the separately paginated § 2255 form motion. Thus, for ease of reference, all page references to this document are to the page numbers assigned by the Court's electronic docketing system.) Ground Two similarly alleges that loss findings should have been made by a jury, specifically as to the amount directly attributable to Eneanya. *Id.* at 8–9. In Ground Four, Eneanya asserts that she was incorrectly held liable for all losses attributable to the conspiracy, even though she was merely a "conduit" of the conspiracy and could not have foreseen the extent of those losses. *Id.* at 11–12.

made by a jury, rather than by the sentencing court.[5] In Ground Five, Eneanya alleges that the Court did not properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when imposing her sentence and complains that her sentence was harsher than those given to her co-defendants who entered guilty pleas.[6] Finally, in her sixth ground of error, Eneanya contends that the amount of restitution imposed was erroneously calculated.[7]

### A.     Procedural Default

Habeas review is an extraordinary remedy and may not substitute for a proper direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

---

[5]     *Id.* at 10.

[6]     *Id.* at 14–16. Section 3553 requires that a court "impose a sentence sufficient, but not greater than necessary to . . . reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

[7]     *See* Motion to Vacate, Set Aside, or Correct Sentence [Doc. # 219], at 17–20.

"Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *Id.*; *see also United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000) (citing *United States v. Patten*, 40 F.3d 774, 776–77 (5th Cir. 1994) (per curiam); *Pierce*, 959 F.2d at 1301; *Capua*, 656 F.2d at 1037). When a defendant has procedurally defaulted a challenge by failing to raise error properly on direct appeal, the claim may be raised in a § 2255 motion only if the defendant can first demonstrate: (1) cause and prejudice; or (2) that she is "actually innocent" of the crime for which she was convicted. *See Bousley*, 523 U.S. at 622.

Eneanya concedes that she did not pursue any of the claims in her § 2255 motion on direct appeal, despite the fact that they could have been raised. *See, e.g.*, *United States v. Sparrow*, 673 F.2d 862, 863–64 (5th Cir. 1982) (collecting cases) ("While [the] Court ordinarily will not review the severity of a sentence imposed within statutory limits, [it] will carefully scrutinize the judicial process by which punishment was imposed."); *see also United States v. Charon*, 442 F.3d 881, 887 (5th Cir. 2006) (noting that, on appeal, the district court's application of the sentencing guidelines is subject to *de novo* review and its factual findings reviewed for clear error). Eneanya does not allege that she is actually innocent of the conduct for which she was convicted. Her only explanation for her failure to pursue her claims on direct appeal are her unsubstantiated statements that her attorney advised her that she had

no cognizable issues on which she was likely to succeed on appeal.[8] Her allegations are insufficient to demonstrate cause and prejudice. *See, e.g.*, *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 2000). For these reasons, her motion must be denied. *See, e.g.*, *United States v. Smith*, 844 F.2d 203, 207 (5th Cir. 1988).

## B. Review of Eneanya's Claims

Even if Eneanya's claims were properly before the Court, she would not be entitled to relief. The majority of Eneanya's claims concern the calculation of her Guidelines sentence.[9] However, "[a] district court's calculation under or application of the sentencing guidelines . . . is not the type of error cognizable under [§] 2255." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995); *see also United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996); *Vaughn*, 955 F.2d at 368. Thus, these claims of error are denied.[10]

---

[8] Eneanya does not raise an independent claim that her attorney was deficient or that she was denied effective assistance of counsel. Although ineffective assistance of counsel can constitute cause for a procedural default, "[n]ot just any deficiency will do . . . ." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "[T]he assistance must have been so ineffective as to violate the Federal Constitution." *Id.* Because, as discussed herein, none of Eneanya's claims have merit, she does not demonstrate ineffectiveness here.

[9] *See id.* at 4 (complaining in Ground One that "the Movant's sentence is a direct result of a misapplication of the Federal Sentencing Guidelines . . . ."), 8 (complaining in Ground Two that the district court impermissibly "relied upon the information in the pre-sentence report . . . as basis of the enhancement of loss by 16 levels"), 10 (alleging in Ground Three that the Court "erred in failing to make specific findings as to the enhancement of two point[s] . . . for more than 10 victims"), (challenge to loss calculations).

[10] A review of the record has uncovered a small error in the calculation of the loss amount used
(continued...)

In addition, her complaints that the government "failed to meet its burden of proof" regarding the Sentencing Reform Act sentencing factors, or that such factors should have been found by a jury, fail.[11] "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to the jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see also United States v. Rodarte-Vasquez*, 488 F.3d 316, 318 (5th Cir. 2007) (citing *United States v. Booker*, 543 U.S. 220, 244 (2005)). This rule is "specifically limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purpose of determining the applicable Sentencing Guidelines." *United States v.*

---

[10]  (...continued)
to determine Eneanya's Guidelines sentence. Because four properties for which Eneanya had obtained fraudulent mortgages had yet to be sold by the time of her sentencing, the Guidelines called for a total loss figure to be calculated based on the appraised value of those properties. If the appraised value was lower than the amount of the loan, the difference between the two figures was to be used to calculate the loss; if the appraised value was more than the amount of the fraudulently-obtained mortgage, a credit should have been applied to the final loss figure. *See* U.S.S.G. § 2B1.1 cmt. 3(E). Of the four properties, one was appraised at a loss—23914 Coastal Lane—and three were appraised at more than the mortgage amount. The credits, which total $89,846, were not applied to Eneanya's loss calculation. This error, however, is immaterial because the corrected loss amount is still well above $1,000,000 and thus the correction has no impact on Eneanya's Guidelines sentence ranges.

[11]  *See id.* at 7 (complaining in Ground One that "the Movant was sentenced . . . for a loss amount that was based on facts that were neither proved beyond a reasonable doubt to a jury, or admitted to by her."), 8 (alleging in Ground Two that the amount of loss attributed to Eneanya should have been "admitted by the Movant, [or] submitted to the jury to enhance her sentence"), 10 (claiming that the finding that there were more than ten victims of the mortgage fraud scheme should have been "submitted to a jury [or] admitted to by the Movant").

*Doggett*, 230 F.3d 160, 166 (5th Cir. 2000).  Sentencing factors need only be found by the sentencing court based on a preponderance of the evidence.  *See United States v. Johnson*, 445 F.3d 793, 797–98 (5th Cir. 2006).

In this case, the statutory maximum penalty under 18 U.S.C. § 371 (Count One) is five years of imprisonment, a $250,000 fine, and a three year term of supervised release.  Violations of 18 U.S.C. § 1956(h) (Count Two) carry a maximum penalty of twenty years of imprisonment, a fine of the greater of $500,000 or twice the laundered amount, and a three year term of supervised release.  *See* 18 U.S.C. § 1956.  Each violation of 18 U.S.C. §§ 1343 and 2 (Counts Three through Twenty-Four) carries a maximum statutory penalty of twenty years of imprisonment, a $250,000 fine, and a three year term of supervised release.  All counts require mandatory restitution and a $100 special assessment.   Eneanya was sentenced to sixty months imprisonment on Count One and sixty-three months imprisonment on each of Counts Two through Twenty-Four, with all sentences to run concurrently.  She was also sentenced to two years supervised release and ordered to pay restitution.  She was not assessed a fine, but was assessed the statutorily-mandated special assessment of $100 per count. Her sentence is well below the statutory maximums prescribed for her conduct and accordingly, none of the sentencing factors considered by the Court needed to be presented to a jury.  Each was supported by sufficient evidence—including bank and

public records. Eneanya offers no evidence that the loss amounts or number of victims found by the sentencing court were in error. *See, e.g.*, *United States v. Humphrey*, 104 F.3d 65, 71 (5th Cir. 1997) (A loss amount calculation made by a sentencing court need only be "plausible in light of the record as a whole."); *see also* U.S.S.G. § 2B1.1 cmt. 3(C) (2006) ("The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence."). Eneanya's unsubstantiated assertions that the findings and calculations are inaccurate are insufficient to demonstrate entitlement to § 2255 relief. *See id.*

In addition, Eneanya in Ground Four complains that she should not have been "held accountable for all losses flowing from the conspiracy because her role in the conspiracy was that of a conduit."[12] However, this contention is contrary to the Guidelines. "[O]nce having entered into a common scheme with . . . other conspirators, [a defendant] is bound by all acts committed by them in furtherance thereof." *United States v. Brasseaux*, 509 F.2d 157, 161 (5th Cir. 1975); *see also United States v. Dean*, 59 F.3d 1479, 1494 (5th Cir. 1995) ("[D]efendant may be held accountable at sentencing for reasonably foreseeable conduct of others in furtherance of the jointly undertaken criminal activity." (citing U.S.S.G. § 1B1.3)); *cf. United*

---

[12]     *Id.* at 11 (Ground Four).

*States v. Posada-Rios*, 158 F.3d 832, 877–78 (5th Cir. 2007) ("In a conspiracy case the drug quantity for purposes of sentencing includes amount attributable to co-conspirator conduct in furtherance of the conspiracy . . . ."). That Eneanya may have had only a limited role in the conspiracies of which she was convicted does not absolve her of responsibility for all the wrongs committed in furtherance of these conspiracies. Accordingly, her claims of error challenging the calculation of her Guidelines sentence are rejected. *Cf. United States v. Mann*, 493 F.3d 484, 498 (5th Cir. 2007) ("When a defendant has been convicted of participating in a scheme to defraud, 'the district court's inclusion of all losses caused by the scheme' is appropriate for calculating restitution." (quoting *United States v. Pepper*, 51 F.3d 469, 473 (5th Cir. 1995))).

Next, in Ground Five, Eneanya asserts that the Court failed to properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a). She points here to the fact that she was sentenced within the Guidelines range. This argument is unavailing. The sentencing court has a duty to consider the § 3553(a) factors in assessing a sentence. *See United States v. Mares*, 402 F.3d 511, 518–19 (5th Cir. 2005). Having done so, a sentence within a properly calculated Guidelines range is entitled to a non-binding presumption of reasonableness. *Rita v. United States*, ___ U.S. ___, 127 S. Ct. 2456, 2462 (2007). In this case, Eneanya was assessed a sentence at the bottom of the

Guidelines range after the Court examined the PSR, the government's objections, Eneanya's response to those objections, an addendum to the PSR, Eneanya's motion for a downward departure, and letters from individuals writing in support of Eneanya's motion for a downward departure.[13]  The Court heard arguments from counsel regarding the government's objections to the PSR and Eneanya's motion for a downward departure.[14]  The Court also gave Eneanya an opportunity to address the Court.[15]  Upon consideration of all the evidence presented before and during Eneanya's sentencing hearing, and with reference to the sentencing factors of § 3553(a), the Court determined that a sentence at the low end of the Guidelines range was appropriate.[16]  Eneanya's belief that a lower sentence would have been more appropriate is insufficient to demonstrate that she is entitled to relief under § 2255. This ground of error is overruled.

Finally, Eneanya complains that the amount of her restitution should have been submitted to a jury.[17]  As with her claims that the Court incorrectly applied the Sentencing Guidelines, this claim is not cognizable on a § 2255 motion.  *United States*

---

[13]  *See* Eneanya Sentencing Transcript [Doc. # 205], at 3–4.

[14]  *Id.* at 5–9, 10–17.

[15]  *Id.* at 4–5, 17–18.

[16]  *See id.* at 18–20.

[17]  Defendant's Motion [Doc. # 219], at 17 (Ground Six).

*v. Hatten*, 167 F.3d 884, 887 & n.5 (5th Cir. 1999) ("[C]omplaints concerning restitution may not be addressed in § 2255 proceedings. . . . [R]estitution, in general, is a sentencing issue that should be raised on direct appeal."). In any event, pursuant to 18 U.S.C. § 3553A, which mandates an order of restitution against a defendant found guilty of committing a crime involving fraud, 18 U.S.C. § 3553A(c)(1)(A)(ii), "the court, not the jury, ultimately determines the amount of restitution appropriate to the offense." *United States v. Lee*, 211 F. App'x 322, 326 (5th Cir. 2006). In this case, the Court carefully considered the evidence presented to it concerning the loss amounts attributable to Eneanya's conduct and ordered restitution accordingly. Eneanya argues, without citation to any evidence, that the figures used to calculate her restitution amount were inaccurate. Assuming, *arguendo*, that this issue may be raised in a § 2255 motion, Eneanya has failed to demonstrate that she is entitled to relief.

The record indicates that the Court at sentencing was willing to amend Eneanya's restitution order, if appropriate, after the last four of the foreclosed properties involved in the conspiracies as to which she was found guilty were sold by the mortgage lenders. Because it was not known at the time of sentencing whether those properties would be sold at a loss or a gain, the Court did not include any loss attributable to these properties in the restitution amount.[18] Ultimately, these properties

---

[18]     Although not reflected in the written Judgment entered in this case, *see* Judgment [Doc.
(continued...)

were sold at a loss. The Court, however, may not increase a restitution amount after more than 90 days after imposition of judgment. *See* 18 U.S.C. § 3663, 3663A, 3664. Accordingly, this ground for relief is denied.

### C. Appointment of Counsel and Request for an Evidentiary Hearing

Eneanya has requested appointment of counsel to assist her in pursuing her § 2255 motion.[19] Habeas corpus proceedings in federal court are civil actions for which there is no absolute constitutional right to the assistance of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *see also Fairman v. Anderson*, 188 F.3d 635, 642 (5th Cir. 1999) ("[T]here is no constitutional right to counsel on habeas review."). Counsel may be appointed where "the interests of justice so require." *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985); *see also Solenz v. Miles*, 186 F. App'x 475, 475 (5th Cir. 2006) (per curiam). The issues presented by Eneanya are not particularly complex. Her motion adequately highlights the issues and the pertinent facts in the record. Especially in light of the

---

[18] (...continued)
# 163], the Court stated on the record during Eneanya's sentencing that her restitution order was subject to amendment in her favor, as necessary. *See* Eneanya Sentencing Transcript [Doc. #206], at 24 ("The total restitution by the defendant is the $1,723,116.99, or less, as will be reflected in the judgment based on proceeds of sales of these homes by the lenders.").

[19] *See* Motion for Appointment of Counsel and Evidentiary Hearing [Doc. # 222].

procedural bar to Eneanya's claims, appointment of counsel would be an unnecessary use of limited judicial resources. Her motion for appointment of counsel is denied.

Eneanya has also requested an evidentiary hearing on her § 2255 motion.[20] A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, the files, and the records of the case conclusively show that the petitioner is entitled to no relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (citing *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980)). In this case, the record is adequate to dispose fairly of the allegations made by Eneanya. A district court need inquire no further on collateral review. Therefore, Eneanya's request for an evidentiary hearing is denied.

### D. Certificate of Appealability

Eneanya's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability ("COA") is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of

---

[20] *See id.*

appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal

proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the government's Motion to Dismiss [Doc. # 228] is **GRANTED**. It is further

**ORDERED** that defendant Cynthia Eneanya's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 219] is **DENIED** and the corresponding civil action (H-07-3258) is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is further

**ORDERED** that Eneanya's Motion for Appointment of Counsel and Evidentiary Hearing [Doc. # 222] is **DENIED**. A final judgment will be entered in Civil Action No. H-07-3258.

SIGNED at Houston, Texas, this 9th day of **December, 2008**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge